TRACY L. WILKISON
Acting United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
RYAN P. MANSELL (Cal. Bar No. 332477)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 368-1474
     Facsimile: (951) 276-6202
     E-mail:    Ryan.Mansell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 19-371-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DANIEL CHRISTOPHER KLEINOW |
| v. | |
| DANIEL CHRISTOPHER KLEINOW, | Sentencing Date: May 17, 2021<br>Sentencing Time: 8:00 a.m.<br>Location:  Courtroom of the<br>             Hon. John F. Walter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Ryan P. Mansell, hereby files its Sentencing Position for defendant Daniel Christopher Kleinow ("defendant").

///

///

///

This Sentencing Position is based upon the attached Memorandum of Points and Authorities, the files and records in this case, the United States Probation Office's Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: April 26, 2021          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

_____
RYAN P. MANSELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 8, 2021, pursuant to a plea agreement, defendant pleaded guilty to count three of the four-count indictment, which charges him with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). (Dkt. 66).[1]

As set forth by the United States Probation Office ("USPO") in the Presentence Investigation Report ("PSR") defendant's conviction mandates a sentence of 24 months' imprisonment, pursuant to 18 U.S.C. § 1028A(a)(1) and U.S.S.G. § 2B1.6 (Dkt. 71, PSR ¶ 27). The government concurs with the USPO's determination.

For the reasons set forth below, the government requests that the Court impose a $100 special assessment and the mandatory term of imprisonment of 24 months, to be followed by 1 year of supervised release, as well as an order of restitution in the amount of $738.96.

**II.   STATEMENT OF FACTS**

Beginning in May of 2018, United States Postal Service post office box customers began reporting that items were missing from their post office boxes in the Phelan, California Post Office. (Dkt. 71, PSR ¶ 15.)  Post office box customers in Phelan reported that their mail containing gift cards, debit, or credit cards had been stolen and fraudulent transactions were made using those cards. (Id.)  Additionally, customers reported that their mail containing checks had been stolen and fraudulently cashed.  Retailer and bank video footage obtained by the United States Postal Inspection Service

---

[1] At the time of sentencing, the government will move to dismiss the remaining counts of the indictment as against defendant consistent with the plea agreement.

showed defendant and his girlfriend, K.K., as the individuals in possession of the stolen cards and checks from the mail. (Id.) Victim M.P. reported that someone had stolen her Bank of America debit card and withdrawn over $500 from her credit union account on June 17, 2018. (Dkt. 71, PSR ¶ 16.) Victim R.M. reported that, also in June 2018, a check written to her business, P.S.C., was stolen and cashed in the amount of $208.96. (Dkt. 71, PSR ¶ 17.)

On June 17, 2018, in a scheme related to the theft of $500 from M.P.'s credit union account, defendant used M.P.'s stolen debit card and ATM personal identification number ("PIN") to knowingly and falsely represent to Alaska Credit Union that defendant was an authorized user of M.P.'s debit card and further concealed that he did not have M.P.'s consent to use the stolen debit card. Defendant knew that he did not have lawful authority to use victim M.P.'s debit card and PIN. (Dkt. 71, PSR ¶¶ 18-19; Dkt. 59, Plea Agreement ¶ 13.)

Defendant's conduct led to a total loss of $738.96.[2] (Dkt. 71, PSR ¶ 20.)

**III. SENTENCING GUIDELINES CALCULATIONS: 24 MONTHS' IMPRISONMENT**

The government agrees with the USPO's determination that the guideline for a violation of 18 U.S.C. § 1028A(a)(1), pursuant to U.S.S.G. § 2B1.6, is the 24-month term of imprisonment required by statute. (Dkt. 71, PSR ¶¶ 27, 98.) The government also agrees that, pursuant to U.S.S.G. § 2B1.6(a), adjustments based on defendant's

---

[2] In one place in the PSR, the USPO identifies the loss/restitution amount as $728.96 (Dkt. 71, PSR ¶ 20), but that appears to be a typographical error. Given that the amounts that make up the loss/restitution figure are $530.00 loss sustained by victim M.P. and $208.96 loss sustained by Bank of America, the correct sum of the loss/restitution amount is $738.96. (Dkt. 71, PSR ¶¶ 22, 108.)

criminal history do not apply, but, nonetheless, agree that defendant's criminal history score of 32 points results in a Criminal History Category of VI. (Dkt. 71, PSR ¶¶ 27, 59.)

## IV.   GOVERNMENT'S RECOMMENDED SENTENCE: 24 MONTHS' IMPRISONMENT AND 1 YEAR OF SUPERVISED RELEASE

The government requests that the Court impose a $100 special assessment and the mandatory term of 24 months' imprisonment, followed by a 1-year term of supervised release, as well as an order of restitution in the amount of $738.96.

In addition to being required by statute and agreed to by the parties in the plea agreement, a two-year term of imprisonment is warranted under the factors enumerated in 18 U.S.C. § 3553(a). Such a term reflects the seriousness of the offense and is necessary to promote respect for the law, provide just punishment, promote both specific and general deterrence, and protect the public from further crimes of the defendant. It is also supported by the history and characteristics of defendant, including his lengthy criminal history and background as set forth in the PSR. Similarly, the imposition of a 1-year term of supervised release would provide an "added measure of deterrence and protection," that is warranted under the facts of this case. See U.S.S.G. § 5D1.1 cmt. n.5.

The USPO, based on an assessment of defendant's financial condition, does not recommend a fine (Dkt. 71, PSR ¶ 95), but the USPO does recommend "nominal restitution," which the USPO calculates as $738.96 (Dkt. 71, PSR ¶¶ 95, 107-110; Dkt. 70, Recommendation letter ¶ 3.) The USPO has also determined that restitution is required under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A ("MVRA"). (Dkt. 71, PSR ¶¶ 21, 107.) The government agrees

3

that the MVRA applies and the correct restitution amount that this Court should order is $738.96.  And defendant has already agreed to pay restitution for up $1,000 as determined by this Court.  (Dkt. 59, Plea Agreement ¶¶ 8, 19.)  See 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement").

As identified by the USPO, the Court should order restitution in the amount of $738.96 to (1) victim M.P. (whose full name to be separately disclosed to the Court) in the amount of $530, and (2) Bank of America, $208.96.  (Dkt. 71, PSR ¶¶ 22, 108; Dkt. 70, Recommendation letter ¶ 4.)

**V.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 24 months' imprisonment followed by a 1-year term of supervised release, a $100 special assessment, and restitution in the amount of $738.96.